## 33075. WALKER v. THE STATE.

GARDNER, J. (a) The defendant was convicted in the Criminal Court of Fulton County of a misdemeanor generally known as the "numbers game." She made application for the writ of certiorari to the superior court, which was granted. On the hearing the certiorari was dismissed.

Briefly, the evidence reveals that the officers entered the home of the defendant, finding there her husband and a roomer. The officers found lottery tickets and money. The husband of the accused stated in the defendant's presence that the money and tickets did not belong to him and that he had "gotten after Georgia [the defendant] about fooling with numbers, and wanted her to quit." The roomer also denied, in the defendant's presence, that the money, lottery ticket and paraphernalia belonged to him. The defendant stated then and there: "That it was all hers, and to take it." The tickets found in the possession of the accused, and admittedly belonging to the accused, were part of the paraphernalia used in the playing of the lottery. The system employed in the operating of the lottery known as the numbers game was detailed to the jury. The defendant further stated to the officer that "She had been turning in to a woman down the street who failed to pay off some hits." The evidence is sufficient to support the verdict under the general grounds.

(b) The State tendered in evidence certain documentary evidence in the form of memoranda found in the house of the defendant at the time of the arrest. The defendant objected to this particular memorandum as Exhibit A on the ground that "Books with no dates as indicating no crime being committed at any time within two years before the accusation was taken out." The other memorandum was admitted without objection. The memorandum in Exhibit A was admissible for the purpose of reflecting the modus operandi. See Biegun v. State, 206 Ga. 618 (58 S. E. 2d. 149).

The evidence was amply sufficient to sustain the conviction.

Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.

DECIDED JUNE 6, 1950.

*Jess H. Watson*, for plaintiff in error.

*Paul Webb*, Solicitor-General, *John I. Kelley*, Solicitor, *William Hall*, contra.